**Lawrence GLOVER, III, Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 14–15–00082–CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed June 21, 2016

Discretionary Review Refused November 2, 2016

10. Because Highland Pines only sought dismissal of the wrongful death claim, Wiley's

Jani J. Maselli Wood, Houston, TX, for Appellant.

Jessica Alane Caird, Houston, TX, for State.

Panel consists of Chief Justice Frost and Justices Boyce and Wise.

## OPINION

Ken Wise, Justice

Appellant Lawrence Glover, III, appeals his conviction for evading arrest or detention with a motor vehicle, asserting in a single issue that the State violated his due process rights by failing to comply with

survival cause of action may proceed against Highland Pines in the trial court upon re-

mand.

the Michael Morton Act.[1] We affirm.

## FACTUAL BACKGROUND

While patrolling southwest Houston on the evening of March 31, 2014, Officers Duncan and Valdez observed appellant commit a traffic violation by failing to maintain a single lane of traffic. The officers waited briefly to see if appellant would correct his violation, but when he did not, they turned on their overhead lights. Appellant continued driving, so the officers "yelped" the car's sirens. At that point, Valdez testified that appellant looked in the rearview mirror, made eye contact with the officers, and turned around in his seat. However, appellant still did not pull over. Instead, appellant continued driving, so the officers turned on the sirens and asked over the speaker system for appellant to "please pull over."

Appellant kept driving for another half mile, cutting through a service station at approximately 35 or 40 miles per hour. Appellant did not stop at the station, but continued onto the I–610 service road. At that point, the officers radioed for assistance. At the next intersection, appellant made a last-minute turn from a non-designated lane. When he reached a second gas station, appellant pulled over. The officers estimated that the distance between the location where they first turned on the patrol car lights and where appellant ultimately stopped was about one mile.

At the gas station, the officers asked appellant to exit the vehicle. When he did so, he "was aggressive and confrontational and abusive," cursing at the officers and raising his fists at them. Officer Duncan

testified that appellant repeatedly reached for his own waistband. After the officers arrested appellant, Officer Valdez attempted to search appellant's person, but appellant lunged at him and attempted to knock him down. With the help of other responding officers, Valdez was ultimately able to place appellant in the patrol car without further incident.

After hearing testimony from appellant and several officers on the scene, the jury found appellant guilty and sentenced him to 30 years in prison.

## ISSUES AND ANALYSIS

In his sole issue, appellant argues that the State violated the Michael Morton Act and appellant's due process rights. Specifically, appellant claims that because the officers testified to information that was not included in the offense report and was not disclosed to appellant, the State denied appellant his due process right to present a defense.

Appellant argues that the Act "requires disclosure of officer reports and statements as well as a record of the compliance." The Act is codified in article 39.14 of the Texas Code of Criminal Procedure, which states in relevant part:

(a) Subject to the restrictions provided by Section 264.408, Family Code, and Article 39.15 of this code, as soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written or re-

---

1. *See* Act of May 16, 2013, 83rd Leg., R.S., ch. 49, § 2, sec. 39.14, 2013 Tex. Sess. Law Serv. 106 (West) (codified at Tex. Code Crim. Proc. art. 39.14).

corded statements of the defendant or a witness, including witness statements of law enforcement officers. . . .

. . .

(j) Before accepting a plea of guilty or nolo contendre, or before trial, each party shall acknowledge in writing or on the record in open court the disclosure, receipt, and list of all documents, items, and information provided to the defendant under this article.

Tex. Code Crim. Proc. 39.14. Appellant claims that the State violated his due process rights by failing to comply with the Act's disclosure requirements. He contends that the officers testified to the following "extremely incriminating and negative facts" that allegedly were not included in the offense report:

1. Appellant looked back at the officers through the rearview mirror;

2. Appellant made eye contact with the officers;

3. Appellant slowed down and then sped up during the offense;

4. Appellant was switching lanes; and

5. Appellant stood up and threw himself to the ground.

Appellant's briefing is unclear as to whether his complaint stems from the State's alleged failure to disclose these additional facts before trial, the trial court's admission of these facts in the form of officer testimony, or both. We address both contentions.

**A. The State's Alleged Failure to Disclose**

■ The gravamen of appellant's complaint is that the State failed to comply with the Act's disclosure requirements. However, it is unclear whether appellant contends that the State violated the Act by failing to disclose the additional information from the officers pursuant to article 39.14(a), or by failing to acknowledge in writing or on the record what information was disclosed to appellant pursuant to article 39.14(j). *See* Tex. Code Crim. Proc. 39.14. Appellant merely asserts that "[t]here is nothing in the record as required by the Michael Morton Act." Neither contention is valid.

The Act's disclosure requirements are triggered only "after receiving a timely request from the defendant." *See* Tex. Code Crim. Proc. art. 39.14(a). By its express language, the Act requires a defendant to invoke his right to discovery by request to avail himself of the Act's benefits. *See id.* Nothing in the record indicates that appellant ever made such a request; therefore, we cannot conclude that the State violated article 39.14.

To the extent that appellant contends that the State had an affirmative duty to produce the officers' information, regardless of whether he requested it, we note that the Act only imposes such an obligation on the State with regard to *exculpatory* information. *See* Tex. Code Crim. Proc. art. 39.14(h) ("Notwithstanding any other provision of this article, the state shall disclose to the defendant any exculpatory, impeachment or mitigating document, item or information . . . that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged). Appellant characterizes the information about which he complains as "extremely incriminating," not exculpatory. Because the information was not exculpatory, the State had no duty to produce it absent a proper request.

### B. The Trial Court's Admission of the Officers' Testimony

To the extent appellant argues that the trial court erred in admitting officer testimony regarding facts that do not appear in the offense report, we conclude that appellant failed to preserve error in the trial court. Appellant admits that "there was no objection by defense counsel" that the officers' testimony was not included in the offense report. Generally, to preserve error for appellate review, a defendant must make a timely and specific objection. *See* Tex. R. App. P. 33.1(a); *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim.App.1991). Almost every right, both constitutional and statutory, may be forfeited by the failure to object. *Smith v. State*, 721 S.W.2d 844, 855 (Tex.Crim.App. 1986); *see also Wright v. State*, 28 S.W.3d 526, 536 (Tex.Crim.App.2000) (explaining that even constitutional error may be waived); *Alexander v. State*, 137 S.W.3d 127, 130–31 (Tex.App.—Houston [1st Dist.] 2004, pet. ref'd) (holding that failure to object to trial court's alleged violations of federal and state due process rights waives appellate review of those claims).

Appellant argues that an objection was not necessary because "this is the type of systemic error which can be considered without objection." However, appellant cites no authority to support this contention. Systemic rights are those rights "widely considered so fundamental to the proper functioning of our adjudicatory process" that they "are not extinguished by inaction alone." *Marin v. State*, 851 S.W.2d 275, 279 (Tex.Crim.App.1993). By contrast, the right to discovery of offense reports and witness statements is statutory in nature. *See* Tex. Code Crim. Proc. art. 39.14(a); Dix & Schmolesky, 42 Tex.

Prac. Series § 27:89.20 (noting the State's new obligation under the Act to produce and permit the inspection of certain items following a timely request from the defendant, an obligation that did not exist before the 2013 amendments). Just as the legislature, by passing the Act, chose to create the right to discovery of certain items upon the defendant's proper request, the legislature could choose to abrogate that right. *See Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 219 (Tex.2002) (internal quotation omitted) (noting the "fundamental proposition" that "no one has a vested right in the continuance of present laws"). Appellant fails to explain how or why statutory rights under the Act can be classified as systemic or fundamental.

We hold that even if appellant had complied with the requirements of article 39.14, he forfeited his complaint by failing to bring it to the attention of the trial court. *See Hull v. State*, 67 S.W.3d 215, 217 (Tex.Crim.App.2002) (holding defendant waived due process complaint by failing to present it in the trial court and instead raising it for first time on appeal). We overrule appellant's sole issue.

### CONCLUSION

We affirm the judgment of the trial court.