

# IN THE
# TENTH COURT OF APPEALS

————————

### No. 10-16-00377-CR

**RALPH DEWAYNE WATKINS,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

————————

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. D36507**

————————

## O P I N I O N

————————

Ralph Watkins appeals from a conviction for the offense of possession of a controlled substance of four grams or more but less than 200 grams. TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010). Watkins complains that the trial court abused its discretion by admitting evidence in the punishment phase of the trial that had not been provided pursuant to Article 39.14 of the Code of Criminal Procedure and that the trial court erred by ordering Watkins to pay restitution to DPS and assessing

attorney's fees. Because we find that the judgment should be reformed to delete the order of restitution and court appointed attorney's fees but find no other reversible error, we affirm the judgment of the trial court as reformed.

**ARTICLE 39.14**

In his first issue, Watkins complains that the trial court erred by admitting exhibits during the punishment phase of his trial that had not been produced by the State prior to trial in violation of Article 39.14(a) of the Code of Criminal Procedure. Article 39.14 was amended effective January 1, 2014 to expand the scope and availability of discovery required to be produced by the State in criminal proceedings. *See* Act of May 14, 2013, 83d Leg., R.S., ch. 49, § 2, 2013 Tex. Gen. Laws 106, 106 (*eff.* Jan. 1, 2014) (*codified at* TEX. CODE CRIM. PROC. art. 39.14). The evidence at issue in this proceeding is punishment evidence in the form of pen packets and booking sheets, which were used by the State to prove the enhancement paragraphs in the indictment and other extraneous offenses that had been committed by Watkins.

Article 39.14(a) states that upon a timely request the State must provide "any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case and their investigators and their notes or report, or any designated books, accounts, letters, photographs, or objects or other tangible things not otherwise privileged that *constitute or contain evidence material*

*to any matter involved in the action* and that are in the possession, custody, or control of the state or any person under contract with the state." TEX. CODE CRIM. PROC. ANN. art. 39.14(a) (emphasis added). At trial, the State argued that the evidence was not subject to Article 39.14 because it was punishment evidence, but concedes in this appeal that Article 39.14 applies to punishment evidence. Rather, the State now argues that because the documents in question pertained to extraneous offenses, they were not discoverable because extraneous offense evidence is not "material to any matter involved in the action." *See id*. We are not willing to agree with the State's assertions that Article 39.14 does not apply to punishment evidence or that it would never apply to extraneous offenses.[1]

If we were writing on a clean slate to interpret what evidence is "material to any matter," we would be inclined to construe this phrase, at a minimum, to include any evidence the State intends to use as an exhibit to prove its case to the factfinder in both the guilt and punishment phases of a trial. We do not write on a clean slate. The phrase at issue, "that constitute or contain evidence material to any matter involved in the action," was present in Article 39.14 before it was amended by the Michael Morton Act. *See* Act of May 14, 2013, 83d Leg., R.S., ch. 49, § 2, 2013 Tex. Gen. Laws 106, 106 (*eff.* Jan. 1, 2014) (*codified at* TEX. CODE CRIM. PROC. art. 39.14). The phrase was not modified or

---

[1] The State also argues that Article 39.14 is in conflict with the notice provisions of Article 37.07 and Rule of Evidence 404(b). The State's argument continued by arguing that because the Rule 404(b) and Article 37.07 disclosures are more specific than Article 39.14 that they control over the production required by Article 39.14. Because we resolve this issue on another basis we do not reach and resolve this argument but nothing herein should be construed to mean that we agree with that aspect of the State's arguments.

defined by the Legislature when it passed the amendments to Article 39.14.  What is "material" had been subject to substantial judicial interpretation prior to the debate and passage of the Michael Morton Act.[2]  Thus, applying well-established precedent from the Court of Criminal Appeals, by which this Court is bound, we are constrained to hold that the definition or standard we must use to determine whether the objectionable evidence was material is the same after the passage of the Michael Morton Act as it was before passage, regardless of what the Legislature may have thought or intended to accomplish.[3]

Therefore, we hold that in order to establish that requested evidence is material, it is necessary that a defendant must provide more than a possibility that it would help the defense or affect the trial.  *See Branum v. State*, 535 S.W.3d 217, 224-25 (Tex. App.—Fort Worth 2017, no pet.) (*citing U.S. v. Agurs*, 427 U.S. 97, 112 (1976)).  Materiality for purposes of Article 39.14(a) means that "there is a reasonable probability that had the evidence been

---

[2] The State Prosecuting Attorney, in its *amicus* brief filed with this Court, discussed the many difficulties presented in interpreting the statute as amended, especially relating to the definition of materiality and how the definition should not mirror the *Brady* definition used by the Court of Criminal Appeals and other Courts both prior and subsequent to the passage of the Michael Morton Act.  We agree that it would seem that something different was intended by the Legislature.  However, because this Court is constrained to follow precedent established by the Court of Criminal Appeals, we are unable to follow the SPA's well-reasoned and sound arguments.

[3] This is further shown in that several decisions from other courts of appeals regarding materiality pursuant to Article 39.14 have used the same definition for materiality subsequent to the passage of the Michael Morton Act in memorandum opinions, which require that the issues are settled, or in unpublished opinions, which have not been designated for publication and have no precedential value.  TEX. R. APP. P. 47.4, 47.7; *See, e.g., In re Hawk*, No. 05-16-00462-CV, 2016 Tex. App. LEXIS 5760, 2016 WL 3085673, at *2 (Tex. App.—Dallas May 31, 2016, orig. proceeding) (mem. op.);  *In re Hon*, No. 09-16-00301-CR, 2016 Tex. App. LEXIS 11313, 2016 WL 6110797 (Tex. App.—Beaumont Oct.19, 2016, no pet.) (mem. op., not designated for publication); *Meza v. State*, No. 07-15-00418-CR, No. 07-16-00167-CR, 2016 Tex. App. LEXIS 10690 (Tex. App.—Amarillo Sept. 29, 2016, pet. ref'd) (not designated for publication).

disclosed, the outcome of the trial would have been different." *Meza v. State*, No. 07-15-00418-CR, No. 07-16-00167-CR, 2016 Tex. App. LEXIS 10690 (Tex. App.—Amarillo Sept. 29, 2016, pet. ref'd) (not designated for publication) (*citing Evans v. State*, No. 07-07-0377-CR, 2009 Tex. App. LEXIS 150, at *7 (Tex. App.—Amarillo Jan. 9, 2009, pet. ref'd) (mem. op., not designated for publication); *see Ex parte Miles*, 359 S.W.3d 647, 670 (Tex. Crim. App. 2012); *Quinones v. State*, 592 S.W.2d 933, 940-41 (Tex. Crim. App. 1980).[4]

At issue are exhibits providing documentary evidence of extraneous offenses that had resulted in convictions and incarceration that the State was using in part to establish the enhancement paragraphs of the indictment. Other documentary evidence of extraneous offenses was admitted in support of the State's pursuit of a lengthy sentence. The State had provided notice of its intent to produce evidence of these convictions both in its Article 37.07 notice as well as the enhancement paragraphs in the indictment itself. Watkins pled true to the enhancements at the punishment hearing. We do not believe that even if the exhibits had been produced that there is a reasonable probability that the outcome of the trial would have been different, or that the sentence Watkins received would have been reduced. Thus, under the standard for determining materiality by

---

[4] An aspect of this analysis that has not received much attention is the difference in perspectives based on when and by whom the determination of what constitutes material evidence is made. In the *Brady* context, the determination is made by an appellate court looking back at the entirety of the trial as it developed. But it might seem that when determining what evidence is "material," discovery should be examined from the perspective of the defendant in preparation for trial, including plea offer evaluations. And the determination of "materiality" is made by the State at least preliminarily. What is "material" in that context and from the defendant's vantage point may well be different from what may later be determined to be material to the result of the trial.

which we are bound, we do not find that the exhibits were material. Accordingly, we do not find that the trial court abused its discretion in admitting the exhibits that were not produced pursuant to Article 39.14(a). We overrule issue one.

**RESTITUTION TO DPS AND ATTORNEY'S FEES**

In his second issue, Watkins complains that the judgment is erroneous because it includes an order that restitution be paid to the Department of Public Safety which was not referenced in the trial court's oral pronouncement of the sentence. In his third issue, Watkins complains that the judgment is erroneous because it includes an order for Watkins to reimburse Navarro County for his court-appointed attorney's fees which were specifically excluded in the trial court's oral pronouncement of his sentence due to Watkins' indigence. The State agrees that the judgment erroneously includes these assessments. When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Therefore, we agree that the trial court's judgment is erroneous. We will reform the judgment to delete the sum of $180.00 in restitution to the Department of Public Safety and the "special findings and orders" in its entirety that assesses the DPS fee and requires Watkins to reimburse Navarro County for his court-appointed attorney's fees. We sustain issues two and three.

**CONCLUSION**

Having found that the judgment should be reformed to delete the order of restitution and court-appointed attorney's fees but no other reversible error, we reform the judgment to delete the order of restitution in the amount of $180.00 payable to DPS and the statement "Reimburse Navarro County for Court Appointed Attorney Fee" and otherwise affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed as reformed
Opinion delivered and filed July 25, 2018
Publish
[CRPM]

