

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00356-CR

**MARICELA HINOJOSA,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. D36068-CR

## O P I N I O N

Maricela Hinojosa was convicted of the offense of unauthorized use of a motor vehicle for which she was sentenced to eleven months in state jail. TEX. PENAL CODE ANN. § 31.07 (West 2011). Hinojosa complains that the trial court erred by allowing the admission of extraneous offense statements made by Hinojosa that had not been provided to her by the State pursuant to Article 39.14 of the Code of Criminal Procedure, by denying her motion for continuance to allow her counsel time to review and consider

the statements, and by admitting evidence of the extraneous offenses in violation of Rule 404(b) of the Rules of Evidence. Because we find no reversible error, we affirm the judgment of the trial court.

## CODE OF CRIMINAL PROCEDURE ARTICLE 39.14

In her first issue, Hinojosa complains that the trial court erred by admitting evidence of statements given by Hinojosa relating to her participation in extraneous offenses that had not been provided to Hinojosa prior to trial pursuant to amendments to Article 39.14 of the Code of Criminal Procedure, also referred to as the Michael Morton Act. Article 39.14 of the Code of Criminal Procedure sets forth the procedures and requirements for pretrial discovery in criminal cases. *See, generally,* TEX. CODE CRIM. PROC. ANN. art. 39.14. In order to trigger the requirements of Article 39.14, a timely request that designates the items requested to be produced must be made to the State from the defendant. *Davy v. State*, 525 S.W.3d 745, 750 (Tex. App.—Amarillo 2017, pet. ref'd); *Glover v. State*, 496 S.W.3d 812, 815 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Absent such a request, the State's affirmative duty to disclose evidence extends only to exculpatory information. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(h) ("Notwithstanding any other provision of this article, the state shall disclose to the defendant any exculpatory, impeachment or mitigating document, item or information ... that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged). Nothing in the record indicates that Hinojosa ever made such a

request; therefore, the requirements of Article 39.14 relating to the production of evidence do not apply. *See Glover*, 496 S.W.3d at 815 ("By its express language, the Act requires a defendant to invoke his right to discovery by request to avail himself of the Act's benefits."). We overrule issue one.

## MOTION FOR CONTINUANCE

In her second issue, Hinojosa complains that the trial court abused its discretion by denying her motion for continuance to investigate the statements made by her to law enforcement regarding the extraneous offenses because the statements were not timely disclosed to her pursuant to Article 39.14. During the trial, when the State started to present evidence regarding statements made by Hinojosa to law enforcement regarding several extraneous offenses similar in nature to the present offense, Hinojosa objected pursuant to Article 39.14 and made a motion for a continuance, which the trial court denied. "We review a trial court's ruling on a motion for continuance for abuse of discretion." *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007) (*citing Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996)).

Article 29.13 of the Texas Code of Criminal Procedure provides that the trial court may grant a continuance after trial has begun "when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had." TEX. CODE CRIM. PROC. ANN. art. 29.13 (West 2006). To prevail,

Hinojosa must show that she was prejudiced by the denial of the motion. *See Gonzales v. State*, 304 S.W.3d 838, 842-43 (Tex. Crim. App. 2010). Prejudice may be proven by proof of unfair surprise, an inadequate time to prepare for trial, or an inability to effectively cross-examine or elicit crucial testimony from witnesses. *See Dotson v. State*, 146 S.W.3d 285, 297 (Tex. App.—Fort Worth 2004, pet. ref'd); *Janecka*, 937 S.W.2d at 468.

We have found that the State was not required to disclose the statements pursuant to Article 39.14 without a specific request by Hinojosa, so to the degree her argument relies on Article 39.14, her issue is overruled. Hinojosa also argues that she was not made aware of the statements until the middle of trial. We note, however, the State's notice of extraneous offenses filed six days before the trial included notice that Hinojosa had admitted to her participation in the extraneous offenses in question. Trial counsel for Hinojosa acknowledged that he was advised of the existence of those statements on that date. Additionally, the State's witness list filed before trial included officers and witnesses from Bexar County where the extraneous offenses occurred.

The record does not support, and we cannot conclude, that the testimony regarding statements made by Hinojosa relating to the extraneous offenses was an "unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, [and such that Hinojosa was] so taken by surprise that a fair trial cannot be had." *See* TEX. CODE CRIM. PROC. ANN. art. 29.13. Therefore, we find that Hinojosa failed

to show that the trial court abused its discretion in denying her motion for continuance. *See Gallo*, 239 S.W.3d at 764. We overrule issue two.

**RULE OF EVIDENCE 404(b)**

In her third issue, Hinojosa complains that the trial court abused its discretion by admitting evidence of extraneous offenses pursuant to Rule of Evidence 404(b), which generally provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1). However, the evidence may be admitted for another purpose, such as to prove the defendant's motive, intent, plan, preparation, or other state of mind. TEX. R. EVID. 404(b)(2). Further, admitting evidence of extraneous offenses is permissible "to rebut a defensive issue that negates one of the elements of the offense." *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). Defensive theories presented in the defendant's opening statement can open the door for admission of evidence of an extraneous offense as rebuttal evidence during the State's case-in-chief. *Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008).

The offense in question occurred at a used car lot when Hinojosa and her husband were looking at a vehicle, allegedly to purchase it. The vehicle was moved to prepare for a test drive with one of the salesmen, and the keys were left in the vehicle. While making copies of Hinojosa's husband's driver's license, the salesman was distracted by another customer and a mechanic. While the salesman was distracted, the car was driven away.

The vehicle was located at a Shell station using the GPS tracking device installed on the vehicle. Hinojosa and her husband were found hiding in a cooler at the station. The car keys were not found on Hinojosa and no one saw her or her husband drive the vehicle. Fingerprints taken from the vehicle were inconclusive.

In her opening statement, Hinojosa claimed that the evidence would show merely that she was present with her husband but was not a participant or had any knowledge of a crime being committed. Additionally, throughout the trial, Hinojosa sought to establish that she was never seen driving the vehicle involved in the offense or that she assisted her husband in the commission of the offense. The State sought to introduce the evidence of two extraneous offenses to show that pursuant to the "doctrine of chances," her participation in other similar offenses made it highly unlikely that she was an innocent bystander in the present offense. The first offense was a theft of a vehicle that occurred when Hinojosa rented a vehicle and did not return it. The license plates for the rental vehicle were switched with a second vehicle, whose owner reported them as stolen. When the rental vehicle was recovered, the stolen license plates from the second vehicle had been switched with the rental vehicle. Hinojosa admitted to renting the vehicle and not returning it and that she knew that the license plates were switched with the second vehicle. The second extraneous offense was a theft of a vehicle from a hotel, which was stolen when it was left running with the keys in it. Hinojosa admitted to the theft of that vehicle as well.

The "doctrine of chances" tells us that highly unusual events are unlikely to repeat themselves inadvertently or by happenstance. *De La Paz v. State*, 279 S.W.3d 336, 347 (Tex. Crim. App. 2009) (*citing* 2 John Wigmore, EVIDENCE § 302 at 241 (Chadbourn rev. 1979)). In *De La Paz*, the defendant was a former narcotics detective who was charged with tampering with physical evidence for filing a false police report about a fake drug transaction. The detective's defense was that he had witnessed the transaction, although there were other officers conducting surveillance at the scene who did not see any contact between the informant and the suspect. The State was permitted to present evidence of two other fake drug deals that De La Paz said he witnessed, but that other officers and a confidential informant claimed never occurred. Pursuant to the doctrine of chances, De La Paz's defense that he witnessed a drug deal that no one else observed became less believable when presented with evidence that he had made the same highly unlikely claim on two other occasions. In that case, the extraneous-offense evidence was held to be admissible to rebut De La Paz's assertion of innocent intent. *De La Paz*, 279 S.W.3d at 348.

We find that the trial court's decision to admit the extraneous offense evidence pursuant to the doctrine of chances was not outside of the zone of reasonable disagreement. Therefore, the evidence of the extraneous offenses was admissible to rebut Hinojosa's contentions that she did not know that a criminal offense had been committed

and was merely an innocent bystander when the vehicle was stolen.  We overrule issue three.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 25, 2018
Publish
[CR25]

