

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00250-CR

**LARRY DONAL STERLING,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 85th District Court**
**Brazos County, Texas**
**Trial Court No. 18-02235-CRF-85**

## MEMORANDUM OPINION

Larry Donal Sterling was convicted of possession of a controlled substance, cocaine, with the intent to deliver, in an amount greater than one gram but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. §481.112(c). Two prior felony convictions were found to be true, and Sterling was sentenced to 35 years in prison. Because the trial court did not abuse its discretion in denying Sterling's motion to suppress, denying Sterling's request for an article 38.23 instruction, or in overruling Sterling's Rule 404(b)

and 403 objections to the admission of an extraneous offense, we affirm the trial court's judgment.

**BACKGROUND**

Officer Aaron Arms, of the Bryan Police Department, saw Sterling driving a car in Bryan. He confirmed Sterling did not have a valid driver license. When Sterling parked the car, Arms arrested Sterling and placed him in his patrol vehicle. After securing Sterling, Arms looked in Sterling's car from the outside for any objects of a criminal nature. From the passenger side window, he saw a prescription pill bottle upside down in the pocket of the driver's side door. He walked to the driver's side and was able to see into the bottle and could tell the bottle contained what appeared to him to be rocks of crack cocaine.

Arms took the key to the car from Sterling and proceeded to search the car. He seized the bottle which contained four rocks of crack cocaine. The bottle had a prescription label in Sterling's name on the outside. During the search of the car, Arms also found a clear sandwich-style bag that had five little (one-inch by one-inch) baggies containing powder cocaine. There were also several unused little baggies that were found in a Newport brand cigarette box in the center console with the cocaine.

**MOTION TO SUPPRESS**

In his first issue, Sterling contends the trial court abused its discretion in denying Sterling's motion to suppress. Specifically, Sterling contends video taken from Arms's body cam and a photograph taken by Arms indisputably show the crack cocaine seized

could not be seen from the outside of Sterling's car; and thus, Sterling's argument continues, Arms had no probable cause to search Sterling's vehicle.

When reviewing a ruling on a motion to suppress, we afford almost total deference to the trial judge's determination of facts if those facts are supported by the record. *State v. Duran*, 396 S.W.3d 563, 570 (Tex. Crim. App. 2013); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Although we may review de novo "indisputable visual evidence" contained in a videotape, *Carmouche v. State*, 10 S.W.3d 323, 332 (Tex. Crim. App. 2000), the deferential standard of review still applies to the review of a trial court's assessment of a video. *Ex parte Harvin*, 500 S.W.3d 418 n.23 (Tex. Crim. App. 2016).

In reviewing a trial court's ruling on a motion to suppress, appellate courts must view all of the evidence in the light most favorable to the trial court's ruling. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). The party that prevailed is afforded the "strongest legitimate view of the evidence" as well as all reasonable inferences that can be derived from it. *Id.* We review a trial judge's application of search and seizure law to the facts *de novo* and will affirm the court's ruling if the record reasonably supports it and is correct on any theory of law applicable to the case. *State v. Weaver*, 349 S.W.3d 521, 525 (Tex. Crim. App. 2011).

Relying on the Court of Criminal Appeals' opinion in *Carmouche v. State,* 10 S.W.3d 323 (Tex. Crim. App. 2000), Sterling contends the video and photograph amounted to "indisputable evidence," which, according to Sterling, is conclusive that Arms could not see the crack cocaine inside the pill bottle that was upside down in the driver's side door pocket in Sterling's car. In *Carmouche*, a Texas Ranger testified that he asked the

defendant if the Ranger could search the defendant again. According to the Ranger, the defendant threw up his hands, said "all right," and turned around to put his hands on his car. The Ranger said he then reached to the area of the defendant where the informant said the defendant kept his drugs. The Court of Criminal Appeals determined that the video did not support the Ranger's testimony. Specifically, the Court said, "the videotape belies [the Ranger's] testimony that appellant raised his hands and turned around in response to [the Ranger's] request to search. Indeed, appellant turned around and assumed a position to facilitate the search after he was ordered to do so by one of the officers. [The Ranger's] 'request' came after officers had appellant spread-eagled beside his car." *Carmouche v. State*, 10 S.W.3d 323, 332 (Tex. Crim. App. 2000).

This is not the situation we have here. We agree that from the video and the picture, we cannot determine if crack cocaine is in the pill bottle. However, that is not "indisputable evidence," as it was in *Carmouche*, that Arms could not see it. Arms testified that he could see what appeared to be crack cocaine and used a flashlight to further illuminate it before opening the vehicle door. Arms demonstrated for the trial court the difference in viewing the pill bottle with his flashlight on and with it off. The trial court found Arms's testimony to be credible and that Arms could see what was reasonably believed to be crack cocaine in the pill bottle.

Accordingly, viewing the evidence in the light most favorable to the trial court's ruling and giving almost total deference to the trial court's determination of historical facts, we find the trial court did not abuse its discretion in denying Sterling's motion to suppress. Sterling's first issue is overruled.

**ARTICLE 38.23 INSTRUCTION**

Related to his first issue, in his fourth issue, Sterling argues the trial court erred in refusing to submit an article 38.23 instruction in the charge to the jury and that Sterling was harmed by the refusal. Sterling argues in this issue that there was a factual dispute as to whether Arms could see the contents of the pill bottle from outside of Sterling's vehicle, explaining that if Arms could not see into the pill bottle, the search was illegal, thus requiring an article 38.23 instruction.

Article 38.23 of the Code of Criminal Procedure provides that no evidence obtained by an officer in violation of the laws of Texas or the United States shall be admitted in evidence against an accused on the trial of any criminal case. TEX. CODE CRIM. PROC. ANN. art. 38.23(a). Further, article 38.23 states that where the legal evidence raises this issue, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the law, it shall disregard the evidence obtained. *Id*.

A defendant's right to the submission of a jury instruction under article 38.23(a) is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509-10 (Tex. Crim. App. 2007). There are three requirements that must be met to be entitled to an instruction pursuant to article 38.23: (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) that contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Id*. at 510.

Accordingly, there must be a genuine dispute about a material fact. *Id.* If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law. *Id.* To raise a disputed fact issue warranting an article 38.23 jury instruction, there must be some affirmative evidence that puts the existence of that fact into question. *Id.* at 513. A cross-examiner's questions do not create a conflict in the evidence, although the witnesses's answers to those questions might. *Id.*

Sterling points to Defense Exhibit 1, a photograph which Arms sponsored and agreed was fair and accurate, as the evidence of a factual dispute because, according to Sterling, the photograph itself contradicts Arms's testimony by "show[ing] that Arms was unable to see the rocks of crack cocaine in the pill bottle while outside the car and looking through the windshield." However, Sterling never pursued this alleged "factual dispute" during trial. He never elicited testimony regarding whether the photograph contradicted Arms's testimony or testimony that would challenge Arms's credibility regarding whether Arms could see in the pill bottle without opening the door of Sterling's vehicle to get a closer look. Sterling never did anything to *affirmatively contest* the fact that Arms could see into the pill bottle other than introduce Defense Exhibit 1. This is not enough. *See Madden v. State*, 242 S.W.3d 504, 513-516 (Tex. Crim. App. 2007).[1] Thus, because there is no affirmatively contested factual dispute, the trial court did not err in failing to submit an article 38.23 instruction.

Sterling's fourth issue is overruled.

---

[1] Judge Cochran gives a very thorough explanation in this opinion of what constitutes a disputed fact issue sufficient to warrant an article 38.23 jury instruction.

**EXTRANEOUS OFFENSE EVIDENCE**

In his second and third issues, Sterling asserts the trial court abused its discretion in admitting into evidence an extraneous drug offense over Sterling's objections. The evidence consisted of an indictment and judgment regarding a charge of, and Sterling's plea of guilty to, possession of a controlled substance and testimony from the arresting officer regarding the facts of the discovery of the controlled substance.

A trial court's ruling on the admissibility of extraneous offense evidence is reviewed under an abuse-of-discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009).

*Rule 404(b)*

Outside the presence of the jury, the State informed the Court that it would introduce evidence of an extraneous offense, a conviction for possession of cocaine in 2006, to rebut Sterling's defensive theory that the cocaine found in this case was not his and under the "doctrine of chances" theory of admissibility.[2] Sterling argued against the admissibility of evidence of this offense stating he did not present a theory that the cocaine in this case was not his; he only questioned whether there were sufficient links to prove possession. Sterling also argued that the conviction was too similar to the case being tried, and it implied that if Sterling possessed cocaine before, he possessed it again this time.

---

[2] "The 'doctrine of chances' tells us that highly unusual events are unlikely to repeat themselves inadvertently or by happenstance." *De La Paz v. State*, 279 S.W.3d 336, 347 (Tex. Crim. App. 2009).

Rule of Evidence 404(b) generally provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1). However, the evidence may be admitted for another purpose, such as to prove the defendant's intent, plan, preparation, or other state of mind. *Id.* (b)(2). Further, admitting evidence of extraneous offenses is permissible "to rebut a defensive issue that negates one of the elements of the offense." *De La Paz*, 279 S.W.3d at 343; *Hinojosa v. State*, 554 S.W.3d 795, 798 (Tex. App.—Waco 2018, no pet.).

On appeal, Sterling argues that the extraneous offense evidence (1) was admitted as propensity evidence and (2) did not have common characteristics with the offense charged.

Regarding his first argument, Sterling only states in his brief that the evidence was inadmissible "on the issues of intent, knowledge, or to rebut a defense which simply held the State to its burden of proof." Prior to this statement, he cites to general authority regarding the admission of extraneous offense evidence, but then cites to nothing specific to support why the extraneous offense could not be admissible to show either intent or knowledge, or particularly, to rebut a defensive theory, especially when the trial court focused on permitting the State's use of the offense in that manner. Further, he provides no additional argument in support of this one statement. Accordingly, this part of Sterling's argument is improperly briefed and presents nothing for review. *See* TEX. R. APP. P. 38.1(i). *See also Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) ("It is

incumbent upon appellant to cite specific legal authority and to provide legal arguments based upon that authority.").[3]

As to Sterling's second argument that the extraneous offense did not have common characteristics with the charged offense, this argument does not comport with the argument Sterling made at trial. There, Sterling complained that the offenses were *too* similar. Thus, this part of Sterling's argument is not preserved for our review. *See Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009).

Sterling's second issue is overruled.

### *Rule 403*

Sterling also argued to the trial court and argues on appeal that the extraneous offense was inadmissible because its probative value was substantially outweighed by the danger of unfair prejudice.[4]

Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403. But this rule favors the admission

---

[3] In his reply brief, Sterling cites to the petition for discretionary review granted in *Work v. State*, No. 03-18-00244-CR, 2018 Tex. App. LEXIS 3683 (Tex. App.—Austin May 24, 2018, pet. granted) (not designated for publication) to speculate that the State's arguments for admissibility of the extraneous offense are called into question and that a "favorable outcome to the granted petition" "will further support the argument [that] Sterling's prior conviction was inadmissible…." We will not speculate as to how the opinion in *Work*, if one issues, will affect this appeal.

[4] Sterling states in his brief that "[t]his point of error concerns the same extraneous offense evidence complained of in his second point of error." However, in the discussion of the factors used in the review of a Rule 403 issue, Sterling uses phrases such as "extraneous drug acts," "unending parade of [extraneous offense] exhibits and testimony," and "horde of [extraneous] evidence admitted" as reasons for why the factors weigh in favor of exclusion. However, only one extraneous drug offense was objected to by Sterling under Rule 403 and that is the only extraneous offense that we review pursuant to the Rule 403 factors.

of relevant evidence, and such evidence is presumed to be more probative than prejudicial. *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007); *Majors v. State*, 554 S.W.3d 802, 808 (Tex. App.—Waco 2018, no pet.). All testimony and physical evidence will likely be prejudicial to one party or the other. *Jones v. State*, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996). It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable. *Id.*

During his opening and by his cross-examination of Arms, Sterling suggested to the jury that because items from at least one other person, a female, were also in the car, the cocaine powder found in a cigarette package in the console of the car may not have been his. The extraneous offense evidence at issue here casts doubt on Sterling's position because, as in this case, the evidence was also found in a cigarette package. Thus, the evidence was probative and necessary. The presentation of the conviction did not consume an inordinate amount of time and was not repetitive of evidence already admitted.[5] Further, the jury was instructed that it could not consider the evidence for any purpose other than to determine "motive, opportunity, intent, knowledge, lack of mistake or accident, or to rebut any defensive theory…." While the admission of a prior conviction will always be prejudicial, there was nothing here that suggested the jury would be distracted from the main issue or would use the evidence for an improper purpose.

---

[5] The indictment and judgment had been preadmitted and took almost no time to publish to the jury; and the officer's direct testimony on the issue was very brief.

Based on our review of the record, the trial court, after balancing the various Rule 403 factors, could have reasonably concluded that the probative value of the extraneous offense evidence was not substantially outweighed by the danger of unfair prejudice. Accordingly, the trial court did not abuse its discretion in admitting evidence of Sterling's possession of a controlled substance conviction and testimony thereof, over Sterling's Rule 403 objection.

Sterling's third issue is overruled.

## CONCLUSION

Having overruled each issue presented on appeal, the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed February 26, 2020
Do not publish
[CRPM]

