

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00124-CR

_____

DOMINIQUE SHAQUILLE MARQUIS HARVEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 47184-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

After entering an open plea of guilty to murder,[1] Dominique Shaquille Marquis Harvey asked the jury to assess his punishment. Following a punishment trial, the jury recommended a sentence of seventy-five years' confinement in prison. The trial court sentenced Harvey in accordance with the jury's recommendation, and Harvey appeals, maintaining that the trial court erred when it admonished him because it failed to comply with Article 26.13 of the Texas Code of Criminal Procedure, that the trial record lacked an oral record or document setting forth the evidence used to convict Harvey in violation of Article 39.14 of the Texas Code of Criminal Procedure, and that the State engaged in improper jury argument. Because we find that (1) Harvey was not harmed by not being admonished that a guilty plea may affect his immigration status, (2) the State did not improperly argue regarding the application of parole law, and (3) Harvey preserved no claim that the State failed to provide him an evidence inventory, we affirm the trial court's judgment.

*(1)     Harvey Was Not Harmed by Not Being Admonished that a Guilty Plea May Affect His Immigration Status*

Harvey maintains that the trial court erred in accepting his guilty plea because it failed to inquire as to his citizenship or admonish him regarding potential immigration consequences. We conclude, however, that Harvey was not harmed by this omission.

Statutorily, trial courts must give a series of admonishments to defendants who plead guilty. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Supp.). Germaine to Harvey's current issue,

---

[1]Harvey's indictment alleged that on September 21, 2017, Harvey intentionally or knowingly caused the death of Cameron Brooks by shooting Brooks with a firearm. Harvey initially waived arraignment and entered a plea of not guilty. Almost two years later, Harvey signed a stipulation of evidence and pled guilty to the charged offense.

2

before a trial court accepts a guilty plea, it must admonish the defendant of "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law . . . ." TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4). "In admonishing the defendant . . . , substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX. CODE CRIM. PROC. ANN. art. 26.13(c); *see VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007); *Seagraves v. State*, 342 S.W.3d 176, 183 (Tex. App.—Texarkana 2011, no pet.).

The failure to admonish in accordance with Article 26.13 of the Texas Code of Criminal Procedure is a statutory error rather than a constitutional one. *Burnett v. State*, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002). As such, we must disregard the error unless it affected the "substantial rights" of the defendant. TEX. R. APP. P. 44.2(b). We review the entire record to determine whether the defendant was misled or harmed by this failure to admonish. *Burnett*, 88 S.W.3d at 638. Because the record points to Harvey being a citizen of this country, the failure was harmless.

This record reveals that, along with several other convictions, in 2014, Harvey pled guilty to, and was convicted of, theft and evading arrest in Gregg County. Harvey's thumb prints are shown on documents attached to those judgments of conviction. In them, Harvey certified that the prints belonged to him[2] and that the information contained in those documents was true and

---

[2]Harvey was fingerprinted in open court.

correct.  In both documents, Harvey certified that he was born in Longview, Texas, on August 10, 1995.  Thus, the documents demonstrated that, at that time of those pleas, Harvey was a citizen of the United States.

Because there is nothing in the record showing that Harvey's nationality was incorrectly noted in the documents, that Harvey renounced his American citizenship, or that he became a citizen of a foreign country before the plea proceeding, any error in failing to inquire as to his citizenship or to admonish him on potential immigration consequences was harmless.[3]  We overrule this issue.

*(2)*        *The State Did Not Improperly Argue Regarding the Application of Parole Law*

Harvey also argues that the State engaged in improper jury argument when it urged the jury to consider how parole law applied to him.  We disagree.

"Permissible jury argument falls into one of four areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement." *Cannady v. State*, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000).

Here, Harvey, and not the State, was the first party to discuss the issue of parole law as it applied specifically to him.  Before the State made its comments on parole law, Harvey argued,

> In the Jury Charge, it talks about parole eligibility.  What happens is on -- when you give a number on a murder case, you divide that by two -- it -- it's half or 30, whichever is less, is what you have to serve.  Now, that means day for day.
> And there's one [instruction] in there that I want you to understand; eligibility does not guarantee parole.  Very rarely would it -- someone make parole after half time on a -- especially a murder case.  **So it's very important that you**

---

[3]Further, in a police department summary regarding Harvey, under "Ethnicity," it showed that Harvey was "Not of Hispanic origin."  The same document showed that Harvey had a social security number, a driver's license number, and a state criminal identification number.  While those documents do not amount to conclusive evidence that Harvey was a citizen of the United States, they support such a finding.

**don't get in your mind thinking, "Well, if we give him this, he's only got to do half."** . . . But I just don't want you [to] think that because it's in the Charge, that half time, **that's all he's got to do**.

(Emphasis added.)  In the State's final closing statement, it responded to Harvey's statement in relation to the issue of parole law as it applied to Harvey, by arguing, in relevant part,

> [Defense Counsel] talked about the parole law and how in the Jury Charge it talks about it, that it's not really true, the half time.
>
> . . . .
>
> Okay.  As the law is in the Jury Charge, someone has to serve half the time of whatever you give them, or 30 years, whichever is less, and you don't take into account the good conduct time.  That's what the law tells you.  Okay?
> So if you give someone 50 years, what are they going to do?  They're going to do 25. . . . So 25 before they're eligible for parole.  If you assess 60 years, what happens?  They have to do, day for day, and [Defense Counsel] said, 30 years before they're eligible for parole.  Okay. . . . The reason I bring that out is because the defendant has helped us out.  In his confession,[4] he tried to figure out what you were going to do.
>
> . . . .
>
> And he says, "Well, let's see if, if I -- if they give me 40, I'll only have to do 75 percent," which I figured that out before I got here, is 30 years.  But the detective says, "No, no, no.  That's not right.  You have to do half before you're eligible."  And the defendant said, "Oh, okay.  So if they give me 40, I'll only have to do 20."  He seemed very relaxed with that.
> So I just want you to remember that when you go back there to assess sentence, that the defendant is trying to help you out.  So he knows that you will probably, my opinion, start at 40, because that's what he said in his confession. And he seemed to be okay with it because -- what? -- immediately after that, I think his questions were, "Well, can I have a cigarette?"

Here, the State was responding to Harvey's argument regarding the potential time he would serve

before he would be eligible for parole. A response to the argument of opposing counsel is

---

[4]The recording of Harvey's statement was admitted into evidence without objection.

permissible argument.  *Cannady,* 11 S.W.3d at 213.  Accordingly, the State's closing argument regarding parole was not improper.[5]

We overrule this point of error.

*(3)*     *Harvey Preserved No Claim that the State Failed to Provide Him an Evidence Inventory*

Harvey also contends that, pursuant to Article 39.14, subsections (i) and (j), of the Texas Code of Criminal Procedure, the State was required to provide him with an inventory of the evidence it intended to use to prove his guilt.  He maintains, however, that, "while the inventory was discussed, signed and admitted, it [was] neither part of the reporter's record, nor the clerk's record."

Article 39.14(i) states, "The State shall electronically record or otherwise document any document, item, or other information provided to the defendant under this article."  TEX. CODE CRIM. PROC. ANN. art. 39.14(i) (Supp.).  In addition, Article 39.14(j) states, "Before accepting a plea of guilty or nolo contendere, or before trial, each party shall acknowledge in writing or on the record in open court the disclosure, receipt, and list documents, items, and information provided to the defendant under this article."  TEX. CODE CRIM. PROC. ANN. art. 39.14(j) (Supp.).

The State maintains that Harvey forfeited the issue because he failed to object to the alleged error at trial.  We agree that Harvey failed to preserve this issue.

---

[5]Even if the State's argument had been improper, Harvey failed to preserve the issue for our review.  To avoid the forfeiture of a complaint on appeal, a party's point of error on appeal must comport with the objection that was made at trial.  *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986).  Here, Harvey's objections at trial were based on (1) the State's alleged mischaracterization of a statement Harvey made during his closing argument and (2) the State's mischaracterization of how parole law works in general.  Yet, on appeal, Harvey contends that it was improper for the State to argue how parole law specifically applied to him.  Thus, Harvey's argument at trial, although similar, differed from his point of error on appeal.  Accordingly, Harvey has forfeited the issue for our review.

In general, to preserve error for appellate review, a defendant must make a timely and specific objection. TEX. R. APP. P. 33.1(a), *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). Specific to this case, the rights created by statute governing discovery "are neither systemic or fundamental" and can be forfeited by failing to object properly to the claimed violation. *Rodriguez v. State*, 553 S.W.3d 733, 746 (Tex. App.—Amarillo 2018, no pet.) (citing *Glover v. State*, 496 S.W.3d 812, 816 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Here, Harvey did not make a trial objection pursuant to Article 39.14, subsections (i) or (j), prior to the admission of the evidence. Accordingly, he preserved no error based on the statutory language. We overrule this point of error.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:    April 1, 2020
Date Decided:      April 21, 2020

Do Not Publish