

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-16-00372-CR**

**JOEL CARRERA,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the County Court at Law**
**Navarro County, Texas**
**Trial Court No. C36543-CR**

_____

# O P I N I O N

_____

Joel Carrera appeals from a conviction for the offense of assault on a public servant, which occurred while Carrera was incarcerated in the Navarro County Jail.  TEX. PENAL CODE ANN. §22.01(b)(1) (West 2011).  Carrera complains that the trial court abused its discretion in the admission of evidence that had not been disclosed in discovery prior to trial in violation of Article 39.14 of the Texas Code of Criminal Procedure.  Because we find no reversible error, we affirm the judgment of the trial court.

ARTICLE 39.14

In his sole issue, Carrera complains that the trial court erred by admitting four exhibits that had not been provided in pretrial discovery pursuant to Article 39.14(a) of the Code of Criminal Procedure. The exhibits at issue are three photographs taken shortly before the trial depicting the inside of portions of the Navarro County Jail where the offense occurred and a page from the Navarro County Policy Manual which described the policies for the use of force in the jail. Carrera was accused of hitting a jail officer who was attempting to move him to another location within the jail. Carrera was being moved after he had refused to follow directions given to him to stop communicating with the woman who was arrested with him who had been placed in an adjacent cell. The three photographs were admitted to further explain the jail layout shown in a drawing which was previously admitted. The page of the Navarro County Policy Manual was admitted to show the procedures that were required in order to use force against a prisoner. When each of the exhibits were offered by the State, Carrera objected because the exhibits had not been produced to him prior to trial.

For many years, criminal defendants have been entitled to limited discovery under Article 39.14 of the Texas Code of Criminal Procedure in addition to, and independent of, the constitutional right of access to exculpatory evidence explained in *Brady v. Maryland*. *Kinnamon v. State*, 791 S.W.2d 84, 91 (Tex. Crim. App. 1990), *overruled on other grounds by Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994) (*citing Brady v. Maryland*, 373 U.S.

83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)). Until 2014, Texas law required the defendant to file a motion and on the hearing thereof to show good cause to the trial court for the discovery of evidence from the State. However, the passage of the Michael Morton Act amended Article 39.14(a) to require that the State, upon a request of the defendant, produce "designated books, accounts, letters, photographs, or objects or other tangible things not otherwise privileged *that constitute or contain evidence material to any matter* involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state." TEX. CODE CRIM. PROC. ANN. art. 39.14(a) (West Supp. 2018) (emphasis added).

If we were writing on a clean slate to interpret what evidence is "material to any matter," we would be inclined to construe this phrase, at a minimum, to include any evidence the State intends to use as an exhibit to prove its case to the factfinder. We do not write on a clean slate. The phrase at issue, "that constitute or contain evidence material to any matter," was present in Article 39.14 before it was amended by the Michael Morton Act. *See* Act of May 14, 2013, 83d Leg., R.S., ch. 49, § 2, 2013 Tex. Gen. Laws 106, 106 (*eff.* Jan. 1, 2014) (*codified at* TEX. CODE CRIM. PROC. art. 39.14). The phrase was not modified or defined by the Legislature when it passed the amendments to Article 39.14. What is "material" had been subject to substantial judicial interpretation prior to the debate and passage of the Michael Morton Act. Thus, applying well-established precedent from the Court of Criminal Appeals, by which this Court is bound, we are

constrained to hold that the definition or standard we must use to determine whether the objectionable evidence was material is the same after the passage of the Michael Morton Act as it was before passage, regardless of what the Legislature may have thought they were accomplishing.[1]

Therefore, to establish that requested evidence is material, it is necessary that a defendant must provide more than a possibility that it would help the defense or affect the trial. *See Branum v. State*, 535 S.W.3d 217, 224-25 (Tex. App.—Fort Worth 2017, no pet.). Evidence must be "indispensable to the State's case" or must provide a reasonable probability that its production would result in a different outcome to be considered material and subject to mandatory disclosure under Article 39.14(a). *Branum*, 535 S.W.3d at 225; *see Ehrke v. State*, 459 S.W.3d 606, 611 (Tex. Crim. App. 2015) (Evidence is material if it affects the essential proof that the defendant committed the offense charged.); *Quinones v. State*, 592 S.W.2d 933, 941 (Tex. Crim. App. 1980).

Carrera's argument to this Court, which is devoid of any citation to authority other than Article 39.14, is entirely premised on the concept that he was entitled to have the

---

[1] This is further shown in that several decisions from other courts of appeals regarding materiality pursuant to Article 39.14 have used the same definition for materiality subsequent to the passage of the Michael Morton Act in memorandum opinions, which require that the issues are settled, or in unpublished opinions, which have not been designated for publication and have no precedential value. TEX. R. APP. P. 47.4, 47.7; *See, e.g., In re Hawk*, No. 05-16-00462-CV, 2016 Tex. App. LEXIS 5760, 2016 WL 3085673, at *2 (Tex. App.—Dallas May 31, 2016, orig. proceeding) (mem. op.); *In re Hon*, No. 09-16-00301-CR, 2016 Tex. App. LEXIS 11313, 2016 WL 6110797 (Tex. App.—Beaumont Oct.19, 2016, no pet.) (mem. op., not designated for publication); *Meza v. State*, No. 07-15-00418-CR, No. 07-16-00167-CR, 2016 Tex. App. LEXIS 10690 (Tex. App.—Amarillo Sept. 29, 2016, pet. ref'd) (not designated for publication).

document and photographs produced but he does not make any argument that the evidence was material. Further, he made no showing to the trial court that the exhibits were material at the time of their admission. Because Carrera did not show that the exhibits were material, he has not established that he was entitled to the production of the exhibits in question pursuant to Article 39.14(a).[2] We do not find that the trial court abused its discretion by admitting the exhibits into evidence. We overrule Carrera's sole issue.

CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed July 25, 2018
Publish
[CR25]



---

[2] Because we have found that Carrera did not establish the materiality of the exhibits, we do not address whether his failure to request a continuance failed to preserve this complaint. TEX. R. APP. P. 47.1.