**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 21, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00071-CR

---

### IN RE BOBBY JONES, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1568981**

---

## MEMORANDUM OPINION

On January 28, 2019, Relator Bobby Jones filed a pro se petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. Relator asks this court to compel the Honorable Hazel B. Jones, presiding judge of the 174th District Court of Harris County, to: (1) set Relator's trial earlier than currently set, (2) order the assistant district attorney to

turn over all exculpatory discovery material, and (3) rule on Relator's application for writ of habeas corpus.

## MANDAMUS STANDARD

To be entitled to mandamus relief, a relator must show (1) the relator has no adequate remedy at law for obtaining the relief sought; and (2) the relator seeks to compel a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding).

As the party seeking relief, Relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Lizcano v. Chatham,* 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, no orig. proceeding) (per curiam); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

To be entitled to mandamus relief for a trial judge's failure to rule on a motion, the record must show both that the motion was filed and brought to the attention of the judge for a ruling. *See In re Wigley*, No. 14-17-00102-CV, 2017 WL 642109, at *1 (Tex. App.—Houston [14th Dist.] Feb. 16, 2017, orig. proceeding) (per curiam) (mem. op.); *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it when brought to the court's attention, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381 (Tex. App.–

2

Houston [14th Dist.] 2017, orig. proceeding) (per curiam). "A trial court is required to rule on a motion within a reasonable time after the motion has been submitted to the court for a ruling or a ruling on the motion has been requested." *In re Foster*, 503 S.W.3d at 607. "It is not enough that the motion is on file; the relator must show that the trial court has not ruled on the motion within a reasonable time after a ruling was requested." *Id*.

To establish that the motion was filed, Relator must provide either a file stamped copy of the motion or other proof that the motion was in fact filed and is pending before the trial court. *See In re Bishop*, No. 14-06-00636-CV, 2006 WL 2434200, at *1 (Tex. App.—Houston [14th Dist.] Aug. 24, 2006, orig. proceeding) (per curiam) (mem. op.); *In re Henry*, 525 S.W.3d at 382 (denying petition to compel ruling on motion because "[t]he documents attached to relator's petition for writ of mandamus do not reflect a file stamp establishing that they were filed in the trial court").

## ANALYSIS

### A. Complaint regarding the trial court's resetting trial for May 20, 2019

Included in Exhibit A to Relator's petition is a document dated January 24, 2019 requesting Judge Jones to set a trial date earlier than May 20, 2019. The record does not show that Judge Jones has ruled on this request, which is dated after the trial court reset the trial for May 20, 2019.

Relator is not entitled to mandamus relief compelling Judge Jones to rule on this request for two reasons. First, the request is not file-stamped; Relator has not provided a

record proving that the request was in fact filed and is pending. Second, Relator has not provided a record showing that he brought the request to the attention of Judge Jones for a ruling, or that she has unreasonably delayed ruling after the request was brought to her attention.

"[M]erely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court." *In re Amaro*, No. 14-14-00340-CV, 2014 WL 2157088, at *1–2 (Tex. App.—Houston [14th Dist.] May 20, 2014, orig. proceeding) (per curiam) (mem. op.). *See also In re Villarreal*, 96 S.W.3d 708, 710 n.2 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must provide a record which shows that the judge was aware of and asked to rule on the motion because a judge cannot be faulted for doing nothing when the judge was not aware of the need to act; the clerk's knowledge is not imputed to the judge). "Presenting the motion, along with a request for a hearing, is required to let the court know that the defendant wants the trial court to act on the motion and whether the defendant would like a hearing on the motion." *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).

Mandamus relief would not be appropriate on these facts even if the documents in Exhibit A were properly certified, because relator has an adequate remedy at law. "Mandamus will not issue where there is a clear and adequate remedy at law, such as a normal appeal." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). The question of whether a defendant's right to a speedy trial was violated is directly appealable after conviction. *See Zamorano v. State*, 84 S.W.3d 643 (Tex. Crim. App. 2002) (conviction reversed on speedy trial grounds). In *Smith v. Gohmert*, 962 S.W.2d 590, 592-93 (Tex. Crim. App. 1998) (orig.

proceeding), the Texas Court of Criminal Appeals denied mandamus relief, holding that the relator had an adequate remedy at law on his speedy trial claims. *Accord In re Porter*, No. No. 14–15–00099–CR, 2015 WL 54558, at *2 (Tex. App.—Houston [14th Dist.] Feb. 10, 2015, orig. proceeding) (mem. op., not designated for publication).

**B. Complaint regarding the trial court's failure to rule on relator's application for writ of habeas corpus**

Attached as Exhibit B to Relator's petition is a document entitled "Writ of Habeas Corpus" with a file stamp indicating that it was filed on January 22, 2019. Relator is not entitled to mandamus relief compelling Judge Jones to rule on his application for writ of habeas corpus for at least two reasons.

First, Relator did not provide a record which shows that he brought the application for Writ of Habeas Corpus to the attention of Judge Jones for a ruling.

Second, Relator did not provide a record showing that Judge Jones has unreasonably delayed ruling on the writ.

Relator filed his petition for writ of mandamus on January 28, 2019, only six days after he filed his application for writ of habeas corpus.

Many factors determine whether a trial court has ruled within a reasonable time. Among these are "the trial court's actual knowledge of the motion, whether its refusal to act is overt, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding). The trial court's inherent power

to control its own docket must also be given due consideration. *Id.* at 228. Relator has not provided evidence of any of these factors.

## C. Request for the trial court to compel the Assistant District Attorney to turn over all exculpatory discovery material

Attached as Exhibit C to Relator's petition is a letter discovery request addressed to the Harris County District Attorney's Office ["HCDAO"] dated January 15, 2019 requesting seven specific and articulable pieces of discovery that may or may not be in the HCDAO's possession. Article 39.14(a) of the Texas Code of Criminal Procedure provides that "as soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and duplication" of the relevant records. Tex. Code Crim. Proc. Ann. art. 39.14(a) (West Supp. 2018). *See Carrera v. State*, 554 S.W.3d 800, 801 (Tex. App.—Waco 2018, no pet.).

Relator asks us to compel the trial judge to order the HCDAO to turn over all exculpatory discovery material. "A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request." *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding) (per curiam); *In re Le*, 335 S.W.3d 808, 814–15 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *see also In re Guillory*, No. 14-17-00506-CR, 2018 WL 3432240, at *2 (Tex. App.—Houston [14th Dist.] July 17, 2018, orig. proceeding) (mem. op., not designated for publication) (stating, "Relator is not entitled to mandamus relief because he has not provided this court with a certified or sworn record that shows that he requested the trial judge to provide him with a free record, that he brought the request to the attention of the trial judge for a ruling, and that the trial judge has refused the

request"). Relator is not entitled to his requested mandamus relief because he has not provided this court with a certified or sworn record showing that he requested the trial judge to compel the requested discovery and that the trial judge refused such relief. Tex. R. App. P. 52.3(k)(1).

Further, to be entitled an order from the trial judge compelling the requested discovery, Relator would need to show that HCDAO had not produced it "as soon as practicable after receiving a timely request", which implies that HCDAO has a reasonable amount of time to comply. When Relator filed his petition for writ of mandamus on January 28, only thirteen days had passed since the January 15 date of Relator's discovery request.

## CONCLUSION

For these reasons, we deny Relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Hassan, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).