

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CLEMENTE MUNDO, | § | No. 08-19-00077-CR |
| Appellant, | | |
| | § | Appeal from the |
| v. | | |
| | § | County Criminal Court No. 4 |
| THE STATE OF TEXAS, | | |
| | § | of El Paso County, Texas |
| Appellee. | | |
| | § | (TC# 20150C03682) |

## **O P I N I O N**

Clemente Mundo appeals from his conviction by a jury for assault causing bodily injury to a family member. On appeal, Mundo contends that the trial court abused its discretion by either failing to require the State to produce a photograph that he claims was once in the possession of the State, or alternatively, by failing to exclude all photographic evidence otherwise tendered by the State. We affirm.

### **BACKGROUND**

### A. **Facts concerning the incident**

Gabriela Rodriguez is Mundo's former wife. In 2015, the two were married but had separated and were in the process of divorcing. Rodriguez testified that, on the day in question, she walked her nine-year-old son to school. On arrival, she saw that Mundo was also present. Because she had been experiencing problems with him, she ran inside with her son to find an open

bathroom or to go into the school office. Instead of avoiding Mundo, however, they encountered him outside the office, which had not yet opened. Mundo approached and began talking to the child. As Mundo started to promise things to his son, Rodriguez interjected telling him not to make promises that he was not going to keep. Mundo reacted by pulling the child towards the exit to talk further. Continuing to hold her son's hand, Rodriguez said, "Whatever you want to tell him, you can tell him here."

As Mundo continued to pull towards the doors, the school bell rang. Rodriguez remarked, "The child needs to go to school." Rodriguez testified that Mundo stood close to the point they were rubbing against each other. Rodriguez said to him, "Excuse me." Everything next happened quickly. While she held her son with her hands, Mundo pushed her, causing her to hit the frame of the school doors, and she lost her balance. She felt pain. She said to him, "What's wrong with you?" Mundo then raised his hand as if he were trying to hit her face, but he was stopped by a lady who was watching. Rodriguez then took her son to class and talked with the teacher. Afterwards, she went to the school office and called the police.

Sarahi Ortega, a school volunteer and parent, testified that her attention was drawn to Rodriguez and Mundo on the morning in question when she saw Mundo take the boy with Rodriguez going after him. Ortega heard Rodriguez tell Mundo not to make promises to the child; then she saw Mundo push Rodriguez, who hit her arm on the steel doorframe. When Ortega saw Mundo push Rodriguez, she asked, "What['s] . . . happening?" Without responding, Mundo moved away, kind of mocked Rodriguez, then left. Ortega described Rodriguez's demeanor as "[v]ery nervous," and "almost to the point of crying."

The State's final witness was Juan Medina, an officer with the El Paso Independent School District. Medina described that he and his partner were called to the elementary school for a

2

reported "assault family violence." Medina spoke to Rodriguez but did not see any visible injuries. He acknowledged that he spoke to her within twenty minutes of the assault and that it was not unusual not to see visible injuries that soon.

The day after the incident, Rodriguez's daughter took photographs of bruising that had appeared on Rodriguez's arm. Those photographs were admitted into evidence as State's exhibits one through four. Two additional photographs, depicting the school doorway where Rodriguez was pushed, were also admitted as State's exhibits five and six.

## B. Facts concerning the allegedly missing photograph

After State's exhibits one through six were admitted in evidence and the State asked further questions of Rodriguez about the bruising depicted in certain photographs, Mundo's counsel asserted to the court that there may be a violation of *Brady*[1]. Specifically, defense counsel advised that he had been shown photographs of Rodriguez at a previous trial setting and that one photograph he was shown—which depicted Rodriguez in different clothing than the photographs admitted into evidence—had not been produced. The prosecutor denied having shown counsel any photographs, to which he responded that the photograph was shown by a different prosecutor who had previously been assigned to the case. There followed an extended discussion about whether the alleged missing photograph was, or ever had been, uploaded to the State's discovery portal. The prosecutor reported that the time stamp showed that the four photographs depicting Rodriguez had been uploaded on December 18, 2018, after the previous trial setting, and they had remained available since then. Calling for a recess, the trial court allowed time for the State to confirm which photographs had been uploaded to its portal.

Following a short recess and outside the presence of the jury, the court asked the State to

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963) (imposing duty on State to disclose material exculpatory evidence in its possession).

report whether they had found any indication that there were missing or deleted photographs. The prosecutor reported she had "looked into the history – into the restore points, to see if there was anything that was restored." No restore points were found or anything created before or after the single entry of December 18, 2018. Had an additional photograph been uploaded and then deleted, the State asserted, the entire batch of photographs would have been deleted. In addition, the program history did not reflect any deletions. Counsel for Mundo argued, though, that perhaps the State had purposefully failed to upload the photograph at all to its portal so that it would have remained unavailable. Counsel further asserted that another defense attorney had also been present at the time he was promised a different photograph would be placed on the portal and she could corroborate what had occurred.

Linda Perez, a defense attorney unrelated to this case, next testified outside the jury's presence that she saw photographs that were shown to defense counsel which depicted a woman in two different outfits. She did not know whether those photographs had been provided to counsel by the State, nor did she recall whether they showed any visible injury to the subject of the photographs.

Gabriela Marquez, the previous prosecutor on the case, also testified outside the jury's presence. She stated that Rodriguez had provided photographs, which were then put into the custody of the victim advocate assigned to the case. It was Marquez's understanding that the photographs were uploaded to Portal. She did not remember whether she showed the photographs to Mundo's attorney.

Rodriguez next testified that her daughter took the four photographs that were admitted in evidence and that no other photographs were taken of her concerning this case. She also testified that the four photographs were the only ones she provided to the State.

Mundo requested, as a remedy for the alleged *Brady* violation, that the case be dismissed. The court expressed doubt concerning whether the missing photograph would qualify as being exculpatory and asked what remedy Mundo sought if the court were to determine there was merely a discovery violation rather than a *Brady* violation. Counsel for Mundo responded by moving for a mistrial.

The trial court ultimately stated, "I'm going to overrule the objection on that photograph that may or may not exist." Being more specific, the court indicated it was denying Mundo's objections based on *Brady*, article 39.14 of the Texas Code of Criminal Procedure,[2] and violation of the court's pretrial discovery order.

After the close of evidence, the jury returned a verdict of guilty on the charge of assault causing bodily injury to a family member and assessed Mundo's punishment at imprisonment in the County Jail for a period of 365 days, a fine of $500, and court costs of $367; in addition, the jury made a recommendation that Mundo be placed on community supervision. The trial court thereafter entered a judgment of conviction and sentencing which placed Mundo on community supervision for a period of 20 months as set out under the terms and conditions included on an attached exhibit.

# I.

## DISCUSSION

In his sole issue, Mundo asserts the trial court abused its discretion in failing to require the State to produce a photograph which he claims had once been in its possession, or, alternatively, in failing to otherwise exclude all such photographic evidence. Mundo contends on appeal that article 39.14 of the Texas Code of Criminal Procedure requires production of any photograph that

---

[2] Referred to by the parties below as the "Michael Morton Act."

constitutes or contains evidence material to any matter involved in the action. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(a).

## A. Standard of Review

A trial court's ruling concerning discovery under Article 39.14 is reviewed for abuse of discretion. *Branum v. State*, 535 S.W.3d 217, 224 (Tex. App.—Fort Worth 2017, no pet.); *see McBride v. State*, 838 S.W.2d 248, 250 (Tex. Crim. App. 1992) (en banc) ("We will not disturb a trial judge's decision under art. 39.14 absent an abuse of discretion.").

## B. Article 39.14

Although Mundo's primary argument in the trial court concerned an alleged violation of *Brady v. Maryland*, his appeal is premised more narrowly and solely alleges a violation of article 39.14(a) of the Texas Code of Criminal Procedure ("Article 39.14(a)"). That article provides, in pertinent part:

> [A]s soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any . . . photographs . . . not otherwise privileged that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state. . . .

TEX. CODE CRIM. PROC. ANN. art. 39.14(a).

Article 39.14(a) thus encompasses several elements relevant to this appeal: (1) a timely request from the defendant; (2) production and an opportunity to inspect and copy; (3) materiality of the evidence; and (4) possession, custody, or control of the State.

### 1) Timely request and production

Mundo contends that he established a violation of Article 39.14(a) by showing that the photograph at issue had existed and was in the State's possession, and that its materiality "cannot be doubted since it may have depicted a different date, event, time or circumstances than those

6

testified to at trial." However, on review, we cannot overlook the threshold requirement of a timely request by the defendant. As the State points out, Mundo does not identify anywhere in the record that he made a timely request under Article 39.14(a). As a result, Mundo has failed to establish that he properly triggered any obligation by the State under that statute.[3] *See Hinojosa v. State*, 554 S.W.3d 795, 797 (Tex. App.—Waco 2018, no pet.) (timely request is required to trigger Article 39.14 requirements).

In addition, accepting Mundo's own explanation of events demonstrates that the State did, in fact, produce the photograph in question and permit him to inspect it. Mundo's attorney adamantly asserted in the trial court that a representative of the State—a prosecutor previously assigned to the case—provided the photograph, along with others, to him. He stated that he examined the photograph and showed it to a colleague, Linda Perez, who pointed out that Rodriguez was depicted wearing two different outfits. While there is no testimony or argument concerning copying the photograph, there is also no testimony or argument that counsel asked to copy it or was denied the opportunity to do so. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(a) (State's obligation is triggered by defendant's timely request). Indeed, the trial court specifically noted that Mundo did not obtain, secure, or ask for a copy of the photograph. In short, the record does not reflect that the State failed to do anything it was required to do under Article 39.14(a).

### 2) Existence and possession of the photograph

Further, the specific contentions on which Mundo's argument rest also lack merit. First, his assertions that he established that the photograph existed and that the State did not challenge that existence are not supported by the record. Mundo contends that the photograph "must have

---

[3] In the absence of a timely request, the State's affirmative duty to disclose evidence extends only to exculpatory evidence. *Hinojosa*, 554 S.W.3d at 797; TEX. CODE CRIM. PROC. ANN. art. 39.14(h). Mundo does not make any argument that the photograph was exculpatory or that the State had any obligation to disclose it under Article 39.14(h).

existed" because the State did not contest Perez's testimony that she saw it. But the trial court, as finder of fact in the bench hearing, was not required to believe Perez's testimony (or Mundo's attorney's statements concerning the photograph). *See Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995) (en banc) ("The trial judge, when sitting as the sole trier of facts, is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony.").

The record also reveals that the State did contest the existence of the photograph. It repeatedly argued that the only photographs of Rodriguez it ever had in its possession were the four that were introduced in evidence. In addition, the State presented evidence from Rodriguez that those four photographs were the only ones taken of her in connection with the alleged assault, and the only ones she provided to the State.

The trial court acknowledged that the existence of the photograph was in dispute in addressing Mundo's counsel:

> And I fully recognize your concern that one photograph that may be missing or may not be missing. The State avers that it does not exist, at least not on their records. And they have, to my satisfaction, checked whatever it is that they have on Portal. What I'm having to rely on is your recollection that there was another photograph.

Ultimately, the court ruled without resolving the issue of the photograph's existence: "I'm going to overrule the objection on that photograph that may or may not exist." While the court did not find that the photograph did not exist, it implicitly found that Mundo did not sustain his burden of showing that it *did* exist. *See Ehrke v. State*, 459 S.W.3d 606, 611 (Tex. Crim. App. 2015) (defendant bears burden to show evidence is subject to production under article 39.14); *Branum*, 535 S.W.3d at 225 (same). This failure to establish the photograph's existence also disposes of Mundo's contention that he established that it was in the State's possession. *See Grande v. State*, No. 13-15-00112-CR, 2016 WL 3911224, at *2 (Tex. App.—Corpus Christi July 14, 2016, no pet.) (mem. op., not designated for publication) (no article 39.14 violation where court could have

8

found photographs of victim did not exist or were not in State's possession).

### 3) Materiality of the photograph

Mundo acknowledges that, "to establish that requested evidence is material, it is necessary that a defendant must provide more than a possibility that it would help the defense or affect the trial." *Carrera v. State*, 554 S.W.3d 800, 802 (Tex. App.—Waco 2018, no pet.) (citing *Branum*, 535 S.W.3d at 224–25). "Evidence must be 'indispensable to the State's case' or must provide a reasonable probability that its production would result in a different outcome to be considered material and subject to mandatory disclosure under Article 39.14(a)." *Id.* Stated another way, "[e]vidence is material if its omission would create a reasonable doubt that did not otherwise exist." *Ehrke*, 459 S.W.3d at 611 (internal quotation marks omitted).

After acknowledging this standard, Mundo argues that the photograph is material because "it may have depicted a different date, event, time or circumstances than those testified to at trial." But these differences are precisely why the photograph is *not* material. The record contains virtually no information about the photograph other than that it allegedly depicted Rodriguez wearing a different outfit than in four photographs taken the day after the incident. There is no evidence that the photograph depicted any injuries to Rodriguez, or that it was in any way related to the alleged assault. Mundo offers no explanation for how, if the photograph depicts Rodriguez on a different day or time, under different circumstances, or in relation to a different event, it has any bearing whatsoever on the prosecution or defense of the charge of assaulting Rodriguez on February 23, 2015.

Mundo has not demonstrated any reasonable probability that production of the photograph would have resulted in a different outcome at trial or that the photograph was indispensable to the State's case. *See Ehrke*, 459 S.W.3d at 611; *Carrera*, 554 S.W.3d at 802. Indeed, it could not have been indispensable given that the State not only did not seek to use it, but denied its very existence.

9

In short, Mundo has not shown that the photograph is material.

Accordingly, Mundo's sole issue is overruled.

## II.

Finally, in response to our order dated April 15, 2019, the trial court certified Mundo's right to appeal in this case, but we note here that the certification does not bear Mundo's signature indicating that he was informed of his right to appeal and to file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 25.2(d). Accordingly, we conclude that the certification is defective, and has not been corrected by Mundo's attorney or the trial court. To remedy this defect, this Court ORDERS the attorney representing Mundo, pursuant to TEX. R. APP. P. 48.4, to send Mundo a copy of this opinion and this Court's judgment, to notify him of his right to file a pro se petition for discretionary review, and to inform him of applicable deadlines. *See* TEX. R. APP. P. 48.4, 68. Said attorney representing Mundo is further ORDERED to comply with all requirements of TEX. R. APP. P. 48.4.

## CONCLUSION

In conclusion, Mundo did not establish that the photograph existed, was in the State's possession, and was material to his case. As a result, the trial court did not abuse its discretion by concluding that Mundo did not demonstrate a violation of Article 39.14(a).

The judgment of the trial court is affirmed.

GINA M. PALAFOX, Justice

August 31, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

10